# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAYVONNE WILSON (M18400), ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 15 C 11737 |
| ) | |
| KIMBERLY BUTLER, WARDEN ) | Judge Rebecca R. Pallmeyer |
| MENARD CORRECTIONAL CENTER, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

On February 27, 2008, following a jury trial in the Circuit Court of Cook County, *pro se* Petitioner Rayvonne Wilson was found guilty of the 2004 murder of Kevin Blaylock in the West Englewood neighborhood of Chicago. Now incarcerated at the Menard Correctional Center in Chester, Illinois, Wilson brings this petition for habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises eight different grounds for relief, most of which are based on the alleged ineffective assistance of both trial and appellate counsel. Wilson moved to stay these proceedings pending the outcome of a pending successive state post-conviction petition. Respondent Kimberly Butler, Warden at Menard Correctional Center, argues that a stay is unnecessary, and moves to dismiss the petition as untimely under 28 U.S.C. § 2244(d)(1). As explained below, Respondent's motion [9] is granted. Wilson's petition [1] is dismissed, his motion to stay is denied [5] as moot, and the court declines to issue a certificate of appealability.

## BACKGROUND

A jury convicted Wilson of first degree murder on February 27, 2008. *People v. Wilson*, 385 Ill. Dec. 584, 591, 19 N.E.3d 142, 149 (1st Dist. 2014). The court sentenced him to 110 years in prison on May 1, 2008, including a 50-year enhancement based on the jury's finding that Wilson had personally fired the murder weapon. *Id.* Wilson missed the direct appeal deadline, but filed a post-conviction petition on May 28, 2009, claiming that he had been denied

the effective assistance of counsel due to his trial attorney's failure to file a notice of appeal. The circuit court granted Wilson's requested relief, allowing him to file a late notice of appeal. *Id.* The Illinois Appellate Court later affirmed Wilson's conviction and sentence on December 15, 2010. *People v. Wilson*, 405 Ill. App. 3d 1204, 997 N.E.2d 1011 (Table) (1st Dist. Dec. 15, 2010). Petitioner did not file a petition for leave to appeal with the Illinois Supreme Court, and his conviction became final on January 19, 2011.

Petitioner filed a second *pro se* post-conviction petition on June 24, 2011, contending that his appellate counsel was ineffective. *Wilson*, 385 Ill. Dec. at 592, 19 N.E.3d at 150. The circuit court dismissed the petition on August 19, 2011. *Id.* The Illinois Supreme Court denied Wilson's subsequent PLA on January 28, 2015. *People v. Wilson*, 388 Ill. Dec. 8, 23 N.E.3d 1206 (Table) (Jan. 28, 2015). Wilson did not file a petition for certiorari with the United States Supreme Court.

Wilson mailed this petition for relief pursuant to 28 U.S.C. § 2254 on December 3, 2015. On February 1, 2016, he moved to stay proceedings before this court pending the resolution of a successive post-conviction petition he asserts he is "pursuing . . . in the Illinois court[s]." (Pet.'s Mot. to Stay at 2.) Respondent filed a motion to dismiss, arguing that a stay is unnecessary, given that the petition is time-barred. Wilson filed a response on April 4, 2016, urging that the petition is, in fact, timely.

## **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the standards for federal habeas relief from a state-court conviction and sentence. 28 U.S.C. § 2254. Except in certain circumstances not applicable here, AEDPA imposes a one-year filing deadline for petitioners in state custody, which runs from the date the conviction became final on direct review. 28 U.S.C. § 2244(d)(1)-(4). The one-year period of limitation can be tolled, however, during the time that a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Respondent argues that Wilson's petition was filed 463 untolled days after his conviction became final, making it untimely. (Mot. to Dismiss at 3.) Wilson's response is simple. He contends that Respondent's math is wrong, and that his § 2254 petition was filed after just 359 untolled days. (Pet.'s Resp. at 3.) The parties agree that Wilson's conviction became final on January 19, 2011, thirty five days after the state appellate court affirmed his conviction and sentence. (Mot. to Dismiss at 2 (citing Ill. S. Ct. R. 315(b)(2) (PLA must be filed within thirty-five days of appellate court's judgment)); Pet.'s Resp. at 2.) There is similarly no dispute that Wilson filed his § 2254 petition on December 3, 2015. (Mot. to Dismiss at 3; Pet.'s Resp. at 2.) But the parties are at odds over the period during which the AEDPA clock was tolled by Wilson's state post-conviction proceedings.

According to Respondent, Wilson's second state post-conviction petition was filed on June 24, 2011, 155 days after his conviction became final. (Mot. to Dismiss at 3.) This is the filing date identified by the Illinois Appellate Court in its decision denying that petition. *Wilson*, 385 Ill. Dec. at 592, 19 N.E.3d at 150. Respondent argues that the AEDPA clock was stopped until January 28, 2015, the date on which the Illinois Supreme Court denied Petitioner's post-conviction PLA. (Mot. to Dismiss at 3.) From there, 308 days passed before Wilson filed his habeas petition in this court, for a total of 463 days.

Petitioner takes issue with two of the dates relied on by Respondent. His § 2254 petition is timely only if Wilson is correct about both of these dates. First, he claims that he placed his second state post-conviction petition in the prison mail system on June 10, 2011, not June 24, and that the petition should be considered filed on the earlier date under the "mailbox rule."[1] (Pet.'s Resp. at 2 (citing *Fernandez v. Artuz*, 402 F.3d 111, 114 (2d Cir. 2005).) Wilson has not offered any evidence to support his claim, and short of clear and convincing evidence, federal

---

[1] Illinois generally applies the mailbox rule in determining the timeliness of a pro se postconviction petition, see *People v. Saunders*, 261 Ill. App. 3d 700, 702, 633 N.E.2d 1340, 1341 (2d Dist. 1994), but because the timeliness of Wilson's state petition was not an issue, the date it was mailed does not appear in the record.

courts presume that the factual findings made by state courts are correct. *See* 28 U.S.C. § 2254(e)(1); *Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012). But because Wilson's petition is timely only if he prevails on both contested dates, the court will assume for the sake of argument that his second state post-conviction petition was filed on June 10, 2011.

Next, Petitioner argues that his second post-conviction petition was not final on January 28, 2015, as Respondent contends, but instead remained pending until April 27, 2015, the day on which his time to file a certiorari petition with the United States Supreme Court expired. (Pet.'s Resp. at 3.) For support, he points to *Jones v. Hulick*, 449 F.3d 784 (7th Cir. 2006). But Petitioner misreads *Jones*.[2] In that case, the Seventh Circuit actually reaffirmed its earlier holding that, in the context of the denial of a post-conviction motion, the time during which a petitioner could, but did not file, a petition for certiorari is not excluded from the AEDPA limitations period. *Id.* at 788 (citing *Gutierrez v. Schomig*, 233 F.3d 490 (7th Cir. 2000)).

In other words, under *Jones*, the AEDPA clock began to run again on January 28, 2015 when the Illinois Supreme Court denied Wilson's post-conviction PLA. He filed his § 2254 petition in this court 308 days later. Thus, even if his second state post-conviction petition was filed on June 10, 2011 (fourteen days earlier than the record indicates, and 141 days after his conviction became final), Petitioner's habeas petition before this court was filed 449 untolled days after his conviction became final. Wilson's petition is therefore denied as untimely.

The court declines to issue a certificate of appealability. A certificate may issue only if the prisoner has at least one substantial constitutional question for appeal. 28 U.S.C. § 2253(c)(2). Where, as here, a habeas court denies relief on procedural grounds, a petitioner

---

[2] Based on Wilson's citation to page 787 of the *Jones* opinion, it appears that he mistakenly focused on the Seventh Circuit's reference to the fact that "[t]he time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on *direct review* is not counted because a decision does not become final until the time for petitioning for certiorari has passed." *Id.* at 787 (emphasis added). But the *Jones* court made clear that the ninety day deadline for certiorari petitions on direct review is treated differently than the same period on post-conviction review for purposes of the AEDPA limitations period. *Id.* at 789.

4

seeking a certificate "must show both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (internal quotations omitted).  A certificate of appealability would be inappropriate here because reasonable jurists would not find the time bar debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case . . . no appeal would be warranted.").

## **CONCLUSION**

Petitioner's habeas petition is untimely. The court grants Respondent's motion to dismiss [9] the petition and denies Petitioner's motion to stay these proceedings [5] as moot.  The petition [1] is dismissed without prejudice to any pending state proceedings.

ENTER:

Dated: June 7, 2016

_____
REBECCA R. PALLMEYER
United States District Judge